UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

| | | |
|---|---|---|
| NATIONAL ORGANIZATION FOR MARRIAGE, INC., | : | |
| | : | |
| | : | **MEMORANDUM OF LAW IN** |
| Plaintiff, | : | **SUPPORT OF DEFENDANTS'** |
| | : | **MOTION TO DISMISS THE** |
| v. | : | **COMPLAINT** |
| | : | |
| JAMES WALSH, in his official capacity as co-chair | : | Case No.: 10-CV-751 |
| of the New York State Board of Elections; | : | |
| DOUGLAS KELLNER, in his official capacity as co- | : | |
| chair of the New York State Board of Elections; | | |
| EVELYN AQUILA, in her official capacity as | | |
| commissioner of the New York State Board of | | |
| Elections; and GREGORY PETERSON, in his | | |
| official capacity as commissioner of the New York | | |
| State Board of Elections, | | |
| | | |
| Defendants. | | |

-----------------------------------------------------------------

PHILLIPS LYTLE LLP
*Attorneys for Defendants*
*Douglas Kellner and Evelyn Aquila*
3400 HSBC Center
Buffalo, New York   14203-2887
Telephone No.:  (716) 847-8400

Kenneth A. Manning, Esq.
Michael B. Powers, Esq.
Craig R. Bucki, Esq.
 -- Of Counsel --

BROWN & WEINRAUB, PLLC
*Attorneys for Defendants*
*James Walsh and Gregory Peterson*
79 Columbia Street
Albany, New York  12210
Telephone No.:  (518) 427-7350

Justin E. Driscoll, Esq.
 -- Of Counsel --

## PRELIMINARY STATEMENT

Defendants James Walsh and Douglas Kellner, sued in their official capacities as Co-chairs of the New York State Board of Elections ("Board of Elections"), and Evelyn Aquila and Gregory Peterson, sued in their official capacities as Commissioners of the Board of Elections, submit this Memorandum of Law in support of their motion to dismiss the Verified Complaint (the "Complaint") of Plaintiff National Organization for Marriage, Inc. ("NOM"), pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6), for failure to state a claim upon which relief can be granted.   This proceeding should be dismissed for either of two independent reasons.

First, NOM lacks standing to pursue its claims, which seek a judgment declaring the unconstitutionality of the definition of a "political committee" in New York Election Law ("Election Law") § 14-100(1).  The Complaint does not present the "case or controversy" required by Article III of the United States Constitution, because it fails to allege how Defendants' conduct has caused NOM to suffer any injury-in-fact, and because NOM's claims are unripe for adjudication.

Second, the Complaint fails to state factual allegations sufficient to demonstrate a right to the relief that NOM requests.  FRCP 8(a) requires the Complaint to contain "a short and plain statement of the grounds for the court's jurisdiction," as well as "a short and plain statement of the claim, showing that the pleader is entitled to relief," in order to survive a motion to dismiss.  Pepe v. HSBC Bank, 2009 WL 3380920, *2 (W.D.N.Y. 2009).  The Complaint does not satisfy this standard.  It is replete with conclusory statements and legal argument, but lacks any factual allegations supporting a reasonable inference that NOM is entitled to a declaratory judgment.

## STATEMENT OF FACTS

### A.   Background

On September 13, 2010, NOM filed its Complaint.  It seeks an order declaring as
unconstitutional the definition of a "political committee" in Election Law § 14-100(1) and
enjoining the "enforcement" of that definition against NOM.  The Complaint was served upon
the Defendants – <u>viz.</u>, the four Commissioners of the New York State Board of Elections – on
September 20, 2010.

The Complaint contains few material factual allegations.  It claims that NOM is a
non-sectarian and non-partisan organization, not connected with any political candidate or
political party.  Complaint ¶ 7.  NOM nonetheless seeks to finance radio, television, and direct-
mail advertisements that promote candidates opposed to same-sex marriage (and that oppose
candidates who favor same-sex marriage) in New York in the days immediately preceding the
general election that will take place on November 2, 2010.  <u>Id.</u> ¶ 8.  NOM "reasonably fears"
that, if it were to implement this plan, it would become a "political committee" under Election
Law Article 14.  <u>Id.</u> ¶ 19.  As such, NOM would be required to register as such with the New
York State Board of Elections (the "Board of Elections"); and to abide by several administrative
mandates, such as designating a treasurer and a depository bank and filing electronic reports
disclosing its contributors and expenditures.  <u>See</u> <u>id.</u>

Aside from these few alleged facts, the Complaint is replete with conclusory
statements concerning the application of Election Law Article 14 to NOM.  For example, the
Complaint declares –without substantiation or explanation:

- That its proposed advertising during the 2010 general election campaign does not contain
  "express advocacy as defined in <u>Buckley v. Valeo</u>, 424 U.S. 1 (1976)" (Complaint ¶ 9);

- That this action does not concern any contribution that "is earmarked for a New York political committee, i.e., an indirect contribution to a New York political committee, or (2) will be converted to an expenditure, i.e., will be earmarked for express advocacy vis-à-vis state or local office in New York" (id. ¶ 13) (internal citations, brackets, and quotations omitted);

- That NOM will plan some unspecified "future speech as the need arises" (id. ¶ 24); and

- That NOM "does not have the major purpose of nominating or electing a candidate or candidates for state or local office in New York" (id. ¶ 55).

Most of the Complaint, moreover, consists of legal arguments more appropriate for inclusion in a brief or a memorandum of law. These include arguments – replete with citations to case law – as to: (i) why NOM claims that application of the requirements of Election Law Article 14 to NOM will "chill" its First Amendment right to free speech (see Complaint ¶¶ 15-22), (ii) why NOM claims that Election Law § 14-100(1) is vague (see id. ¶¶ 41-46), (iii) why NOM claims that Election Law § 14-100(1) is overbroad (see id. ¶¶ 49-58), (iv) why NOM claims that Election Law § 14-100(1) is unconstitutional on its face (see id. ¶¶ 62-64), and (v) why "no narrowing gloss" can save Election Law § 14-100(1) (see id. ¶ 65).

The Complaint is most notable for what it does not allege: any manner in which the Commissioners of the New York State Board of Elections have caused or threaten to cause any harm to NOM. NOM speculates that the Commissioners will subject it to "enforcement and prosecution leading to civil liabilities and criminal penalties" as a result of NOM's implementation of its planned political advertising. Complaint ¶ 15. The Complaint fails to allege any facts or reason for this belief, however. This is so, because NOM lacks any evidence

that the Co-chairs or the Commissioners of the New York State Board of Elections have imposed

or intend to impose any civil or criminal penalties upon NOM.


### ARGUMENT

This Court should dismiss NOM's action for either of two reasons.  First, NOM

lacks standing to pursue its constitutional claims, because the Complaint fails to allege how any

actions by the New York State Board of Elections or its Commissioners cause or threaten to

cause NOM to suffer any injury in fact.  Second, NOM's Complaint does not satisfy the pleading

standard set forth in FRCP 8(a).  Rather than provide a short and plain statement of NOM's

claim and supporting factual allegations, the Complaint consists of legal arguments and

unsubstantiated conclusions that are insufficient to survive a motion to dismiss pursuant to FRCP

12(b)(6).

### POINT I

### NOM LACKS STANDING TO ASSERT ITS CONSTITUTIONAL CLAIMS

NOM lacks standing to sue the Co-chairs and Commissioners of the New York

State Board of Elections, because the Complaint presents no justiciable case or controversy, and

because NOM's claims are unripe for adjudication.

**A.     NOM Fails to Satisfy the "Case or Controversy" Requirement of
        Article III of the United States Constitution.**

Because federal courts lack the power to render mere advisory opinions, exercise

of federal jurisdiction pursuant to Article III of the United States Constitution depends on the

existence of a justiciable case or controversy.  United States v. Leon, 203 F.3d 162, 164 (2d Cir.

2000).  The "triad of injury in fact, causation, and redressability constitutes the core of Article

III's case or controversy requirement, and the party invoking federal jurisdiction bears the

burden of establishing its existence." <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. 83, 103 (1998). Standing is "perhaps the most important" element of the case or controversy requirement. <u>Allen v. Wright</u>, 468 U.S. 737, 750 (1984).

In this case, NOM has no standing to pursue its claims against the Co-chairs and Commissioners of the New York State Board of Elections, because its Complaint fails to allege any injury in fact, the first required element of standing.

To establish an injury in fact, NOM was required to demonstrate that it had "personally suffered some actual or threatened injury as a result of" the Defendants' conduct. <u>Valley Forge Christian College v. Ams. United for Separation of Church & State, Inc.</u>, 454 U.S. 464, 472 (1982). NOM admittedly has not suffered any such actual or threatened injury, however, because Defendants have not prosecuted, punished, or threatened prosecution or punishment against NOM. NOM's mere speculative allegation that Defendants have "chilled" NOM from speaking freely about candidates running for public office in New York (<u>see</u> Complaint ¶ 16) is not sufficient to allege an injury in fact.

<u>Bordell v. General Electric Co.</u> ("<u>Bordell</u>"), 922 F.2d 1057 (2d Cir. 1991), is directly on point. The plaintiff in <u>Bordell</u> – like NOM in this case – alleged that his speech would be chilled because he "felt . . . that he [was] subject to possible prosecution" by the defendant. <u>Id.</u> at 1060. The Court held that "[a]llegations of a subjective 'chill' [were] not an adequate substitute for a claim for specific present objective harm or a threat of specific future harm," and did not constitute an injury in fact. <u>Id.</u> at 1060-61. <u>Accord, Brooklyn Legal Servs. Corp. B v. Legal Servs. Corp.</u>, 462 F.3d 219 (2d Cir. 2006). NOM's averment of a "chill" upon its speech likewise fails to constitute an injury in fact, absent even a threat of enforcement action against NOM to date by the Board of Elections or its Commissioners. <u>See</u>, <u>e.g.</u>, <u>Amnesty Int'l</u>

USA v. McConnell, 646 F. Supp. 2d 633, 646 (S.D.N.Y. 2009) ("alleg[ing] a fear, based on a

perceived likelihood," is "speculative," absent a showing that the feared injury "has been

conducted, authorized or even contemplated").

**B.      NOM's Claims Are Not Ripe for Adjudication, Because No Real, Substantive
         Controversy Exists Between NOM and the Defendants.[1]**

         NOM lacks standing to pursue the claims in the Complaint not only because it has

failed to allege any injury in fact, but also because those claims are unripe.

         When a litigant seeks to challenge a statute or policy prior to its enforcement, the

ripeness doctrine requires the challenge to grow out of a "real, substantial controversy between

parties" with respect to a "dispute definite and concrete." Marchi v. Bd. of Coop. Educ. Servs. of

Albany, Schoharie, Schenectady, & Saratoga Counties ("Marchi"), 173 F.3d 469, 478 (2d Cir.

1999) (quoting Babbitt v. United Farm Workers Nat'l Union, 442 U.S. 289, 298 (1979)).

Accord, AMSAT Cable Ltd. v. Cablevision of Conn., 6 F.3d 867, 872 (2d Cir. 1993) (noting that

a ripe cause of action must present "a real, substantial controversy, not a mere hypothetical

question").

         In Marchi, the Court dismissed the plaintiff's unripe First Amendment

Establishment Clause challenge to a policy directive, because the defendant had not threatened to

apply the directive to the plaintiff.  Guessing how the defendant might apply the directive to the

plaintiff and evaluating the validity of every possible application, the Court reasoned, would

consist of "all highly fact-specific and, as of yet, hypothetical" inquiries insufficient to accord

standing.  Marchi, 173 F.3d at 478.

---

[1] "[R]ipeness overlaps in some respects with standing, most notably in the shared
requirement that the [plaintiff's] injury be imminent rather than conjectural or hypothetical."
Bronx Household of Faith v. Bd. of Educ. of City of N.Y., 492 F.3d 89, 111 (2d Cir. 2007).

Adjudication of the claims in NOM's Complaint would require a similar hypothetical, unripe inquiry, because Defendants have not threatened any enforcement action against NOM pursuant to the Election Law or otherwise.

NOM relies exclusively upon one case, <u>Dougherty v. Town of North Hempstead Board of Zoning Appeals</u> ("<u>Dougherty</u>"), 282 F.3d 83 (2d Cir. 2002), to support the alleged ripeness of its claims. <u>See</u> Complaint ¶ 29. That case is distinguishable. The plaintiff's First Amendment claim in <u>Dougherty</u> was ripe, because it was based upon an actual retaliatory injury – <u>viz.</u>, the denial of a building permit. By contrast, this action presents no real, substantial controversy, because none of the defendants are even alleged to have retaliated or threatened to retaliate against NOM for engaging in its proposed speech. Because this action is unripe, it should be dismissed.

## POINT II

### THE COMPLAINT FAILS TO CONTAIN SUFFICIENT ALLEGATIONS TO STATE A PLAUSIBLE CLAIM FOR RELIEF

Even if NOM does have standing to pursue this action, the Complaint should be dismissed because it fails to state a claim.

To withstand a motion to dismiss pursuant to FRCP 12(b)(6), a complaint must plead "enough facts to state a claim for relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). <u>Accord</u>, FRCP 8(a)(2) ("A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."). This mandate "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Id.</u> at 555. The complaint is insufficient, therefore, if it alleges only "naked assertion[s] devoid of further factual

enhancement." <u>Ashcroft v. Iqbal</u>, 556 U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. at 557).  In that case, the Court has the power, on its own initiative or in response to a motion by the defendant, to dismiss the complaint.  <u>Shyshko v. County of Monroe</u>, 2007 WL 2042822, *2 (W.D.N.Y. 2007).

   As such, the Second Circuit Court of Appeals has routinely dismissed complaints replete with legal arguments or conclusory statements unsupported by "factual circumstances from which . . . [a cause of] action might be inferred."  <u>Patane v. Clark</u>, 508 F.3d 106, 112 (2d Cir. 2007).  For example, in <u>Khan v. iBiquity Digital Corp.</u>, 309 Fed. Appx. 429, 2009 WL 102810 (2d Cir. 2009), the Court affirmed the District Court's dismissal of the complaint because it pled no facts, aside from conclusory allegations of a conspiracy on the part of the defendant.  2009 WL 102810, *2.  Likewise, in <u>Ruston v. Town Board for Town of Skaneateles</u>, 610 F.3d 55 (2d Cir. 2010), the Court of Appeals affirmed dismissal of a complaint unsubstantiated by "specific examples" of how the defendant had infringed upon the plaintiffs' rights.  <u>Id.</u> at 59.  This Court has done likewise.  <u>See</u>, <u>e.g.</u>, <u>Field v. Tonawanda City School District</u>, 604 F.Supp.2d 544 (W.D.N.Y. 2009).

   One recent federal District Court decision is precisely on point.  On September 21, 2010, NOM commenced <u>National Organization for Marriage, Inc. v. Daluz</u> ("<u>Daluz</u>") in the United States District Court for the District of Rhode Island.  Just as this action seeks a declaration that New York's definition of a "political committee" is unconstitutional, <u>Daluz</u> sought a declaration of the unconstitutionality of Rhode Island's definition of a "political-action committee."  With the exception of statements concerning Rhode Island law, the allegations in

the complaint in <u>Daluz</u> are virtually identical to the allegations in the Complaint here.[2]  On

September 30, 2010, the Hon. Mary M. Lisi <u>sua</u> <u>sponte</u> dismissed the complaint in <u>Daluz</u>,

because it failed to provide a "short and plain statement" of NOM's claim for relief (<u>quoting</u>

FRCP 8(a)(2)).  The Court reasoned:

> The complaint in this case is replete with legal argument and conclusory statements . . ., citations to cases . . ., and . . . footnotes . . . .  The pertinent factual allegations in the complaint are buried in those conclusory and argumentative passages.  As such, this complaint "places an unjustified burden on the [Court] and the part[ies] who must respond to it because they are forced to ferret out relevant material from a mass of verbiage."  5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1281 at 709 (3d ed. 2004).

NOM's Complaint in this action should be dismissed as well.  It fails to state any

viable constitutional claims, because its allegations consist of nothing more than conclusory

statements and legal arguments, unaccompanied by factual substantiation.  For example, the

Complaint purports that NOM plans to engage in "future speech as the need arises" (<u>see</u>

Complaint ¶ 24) in New York, without specifying how.  The Complaint asserts that NOM does

not intend to engage in "express advocacy" in New York elections (<u>see</u> <u>id.</u> ¶ 9), without setting

forth why.  The Complaint alleges that NOM's "major purpose" is not to nominate or elect a

candidate or candidates in New York (<u>see</u> <u>id.</u> ¶ 55), but provides no support for this allegation,

and offers no allegation to demonstrate what would qualify as an organization's "major

purpose."  The Complaint claims that "New York law chills [NOM] from proceeding with its

---

[2] In <u>Daluz</u>, for example, the Court cited to conclusory statements in paragraphs 9, 17, 26, 43-46, 48, 50, and 52-56 of the complaint.  <u>See</u> Exhibit C to the Declaration of Craig R. Bucki, dated October 12, 2010.  These statements are identical to paragraphs 9, 13, 18, 27-30, 31, 33, and 35-39, respectively, of the Complaint in this action, except to the extent that they reference Rhode Island law.

speech" (see id. ¶ 16), but does not identify any statute that would prohibit NOM from

sponsoring the proposed advertising set forth in Exhibits 2 through 6 of the Complaint.

      The Complaint here should be dismissed.  Like the complaint in <u>Daluz</u>, it consists

of conclusory and speculative averments and legal arguments that do not satisfy the pleading

standard required by FRCP 8(a).

<u>**CONCLUSION**</u>

      For the foregoing reasons, Defendants respectfully request that this Court grant

their motion to dismiss the Complaint in this action, and such other and further relief as this

Court deems just and proper.

Dated: Buffalo, New York
      October 12, 2010

                    PHILLIPS LYTLE LLP


                    By    /s/ CRAIG R. BUCKI             
                       Kenneth A. Manning
                       Michael B. Powers
                       Craig R. Bucki
                    *Attorneys for Defendants Kellner and Aquila*
                    3400 HSBC Center
                    Buffalo, New York  14203-2887
                    Telephone No.:  (716) 847-8400
                    E-mail Address:  cbucki@phillipslytle.com


Dated: Albany, New York
      October 12, 2010

                    BROWN & WEINRAUB, PLLC


                    By    /s/ JUSTIN E. DRISCOLL          
                       Justin E. Driscoll
                    *Attorneys for Defendants Walsh and Peterson*
                    79 Columbia Street
                    Albany, New York  12210
                    Telephone No.:  (518) 427-7350
                    E-mail Address:  jdriscoll@brownweinraub.com